IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN CALLERY**<br>       **Plaintiff,**<br>   v.<br>**HOP ENERGY, LLC**<br>       **Defendant.** | **CIVIL ACTION NO. 20-3652** |

## SCHEDULING ORDER

**AND NOW,** this 20th day of April 2023, after a telephone conference with counsel for the parties, the Court hereby enters the following Scheduling Order to govern further proceedings in this case:

1. Parties shall exchange disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before **April 26, 2023.**

2. Parties may add or drop claims or parties on or before **May 20, 2023** without leave of Court.

3. Within **60 days** of the entry of this Order, the parties, through counsel, shall jointly report to the Court, in writing, as to whether they wish to have a settlement conference before a magistrate judge, attempt mediation under Local Civil Rule 53.3 (a copy of which is attached hereto as Attachment A), or pursue some other form of alternative dispute resolution, for assistance in resolving the case and, if so, indicate by what date they will be prepared to commence such proceedings. This joint report should be submitted to Chambers by email (Chambers_of_Judge_Cynthia_M_Rufe@paed.uscourts.gov) and not filed of record.

4. Defendant's request to bifurcate discovery is **DENIED without prejudice.** All fact discovery shall be completed on or before **August 20, 2023**.

5. Plaintiff's expert reports, if any, shall be served on or before **August 20, 2023**.

6. Defendant's expert reports, if any, shall be served on or before **September 19, 2023.**

7. Motions for preliminary class certification shall be filed on or before **September 19, 2023.**

8. All dispositive motions shall be filed on or before **October 19, 2023.** Judge Rufe's Policies and Procedures for Summary Judgment will **not** apply in this case and the parties should instead follow Federal Rule of Civil Procedure 56.

It is so **ORDERED.**

                                                **BY THE COURT:**

                                                /s/ **Cynthia M. Rufe**
                                                _____

                                                **CYNTHIA M. RUFE, J.**

**Attachment A**

**LOCAL RULE OF CIVIL PROCEDURE 53.3:**
**ALTERNATIVE DISPUTE RESOLUTION**

1. Litigants in all civil actions, exempting only social security appeals, pro se prisoner civil rights actions, and petitions for habeas corpus, shall be required to consider the use of an alternative dispute resolution process (the "ADR process") at an appropriate stage in the litigation.
2. ADR processes may include mediation and settlement conferences and such other ADR processes as the judge to whom the case is assigned (the "assigned judge") may designate.
3. All ADR processes subject to this Rule shall be confidential, and disclosure by any person of confidential dispute resolution communications is prohibited unless confidentiality has been waived by all participants in the ADR process, or disclosure is ordered by the assigned judge for good cause shown.
4. Nothing in the Rule shall be construed to limit the assigned judge from (a) conducting settlement conferences or referring a matter to a magistrate judge for a settlement conference, or (b) ordering the litigants to participate in an ADR process, or (c) approving or disapproving of an ADR process selected by the litigants.
5. The Alternative Dispute Resolution ("ADR") Committee of the court shall administer, oversee, and evaluate the court's ADR program in accordance with the Alternative Dispute Resolution Act of 1998. The Clerk of Court, or such other person as may be designated from time to time by the Chief Judge, shall serve as the ADR coordinator. Under the direction of the ADR committee, the coordinator shall administer a program for recruitment, screening and training of attorneys to serve as neutrals.
6. The Rule is intended to be flexible so as to permit the court to adopt, from time to time, guidelines and policies for the administration of the ADR program. The procedures promulgated by the court for the implementation of the ADR program shall be maintained on file in the office of the Clerk.
7. Nothing in the Rule shall be construed to amend or modify the provisions of Local Civil Rule 53.2 (compulsory and voluntary arbitration with right of trial *de novo*). Local Civil Rule 53.2.1 (compulsory mediation) is repealed by separate order.

Explanatory Note

The Rule is intended to implement the provisions of the Alternative Dispute Resolution Act of 1998 and to demonstrate the long-standing commitment of the court and its bar to non-binding alternative dispute resolution, without, however, limiting the authority and discretion of the assigned judge. Certain civil actions are exempted from the Rule as cases not appropriate for ADR process pursuant to the Alternative Dispute Resolution Act of 1998.

Effective July 1, 2003