UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

BRIAN CALLERY and TINA FASANO,

                    Plaintiffs,

v.

HOP ENERGY, LLC,

                    Defendant.

Case No.: 20 Civ. 3652

**OBJECTORS' SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO LIFT MEDIATION CONFIDENTIALITY**

In accordance with Rule 7 of Your Honor's Policies and Procedures for Civil Matters, Objectors Ryan Melville, Michelle Mullaney, and Robert Mullaney ("Objectors") respectfully submit this brief sur-reply in further opposition to Plaintiffs' Motion to Lift Mediation Confidentiality (Doc. No. 101, the "Motion").

The Court should deny the Motion because Plaintiffs have not shown why lifting the important protections afforded by the mediation privilege is necessary for advancing their arguments. In addition, most of the protected information in Plaintiffs' *in camera* submission is irrelevant, and what remains confirms facts that are already in the record. There is no compelling reason for the Court to authorize the blanket removal of mediation confidentiality provided by both statute and the parties' JAMS Mediation Agreement. In short, Plaintiffs ask for a blanket exception to deeply rooted rules but do not even come close showing good cause to do so.

***First and most importantly***, Plaintiffs can advance their arguments without using the protected information. Pennsylvania law and the JAMS Mediation Agreement draw a bright line rule with respect to mediation confidentiality. Parties cannot reveal: (1) communications to or from the mediator regarding settlement; or (2) communications between parties occurring at the

1

mediation. *See* 42 Pa.C.S.A. § 5949(a)–(d); *see also* Doc. No. 101-2 (JAMS Mediation Agreement § III). But parties can disclose "discussions among parties outside the presence of the mediator and not occurring at a mediation proceeding." *U.S. Fidelity & Guar. Co. v. Dick Corp./Barton Malow*, 215 F.R.D. 503, 506–07 (W.D. Pa. 2003).

Nevertheless, Plaintiffs ask the Court to disturb this well-established framework without explaining why they cannot make their case within the confines of these important and time-tested rules. Objectors advanced their arguments without breaching confidentiality and could have added further color by disclosing mediation confidences, but they instead respected the mediation process. Plaintiffs should do the same.

***Second***, most of the protected information in the *in camera* submission is irrelevant. The remainder merely confirms what Objectors set forth without including protected information. The *in camera* submission confirms the following undisputed facts:





3

These facts can be presented without waiving the mediation privilege. The remainder of the protected information in the *in camera* submission consists of: (1) Ms. Ryan's recollection of select snippets of things the mediator supposedly *said* only to her that do not alter these undisputed facts; and (2) emails to and from the mediator that do not contain unique information. The Court should not lift the privilege on those communications.

Regarding Ms. Ryan's recitation of her recollection of what Judge Welsh said when all parties were present (which was before Ms. Ryan joined the March 4 joint global settlement demand), her claims are not accurate. Moreover, counsel's (mis)interpretation is not necessary to prove a disputed fact. Indeed, Ms. Ryan presents no additional material protected facts and instead asks to disclose the meditator's gloss on undisputed facts. Because the communications to and from the mediator largely contain information exchanged by the parties outside the mediator's presence, Plaintiffs can use these facts without breaching the mediation privilege.

Although an accurate and complete recounting of the global mediation would compel any reasonable observer to conclude that the settlement here was the product of a collusive reverse auction, Plaintiffs have failed to show good cause for lifting the mediation privilege here.

## CONCLUSION

For the foregoing reason, Objectors respectfully request that the Court deny Plaintiffs' Motion.

Dated:  March 3, 2025                         Respectfully submitted,

                                              **WITTELS MCINTURFF PALIKOVIC**

By:     /s/ J. Burkett McInturff
        J. Burkett McInturff*
        Jessica L. Hunter (Bar No. 321951)
        305 BROADWAY, 7TH FLOOR
        NEW YORK, NEW YORK 10007
        Telephone: (914) 775-8862
        jbm@wittelslaw.com
        jlh@wittelslaw.com

        *Counsel for Objectors and Interim Class Counsel in the Consolidated Melville Actions*

        * *Admitted Pro Hac Vice*