IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN CALLERY,<br><br>                   Plaintiff,<br><br>         v.<br><br>HOP ENERGY, LLC,<br><br>                   Defendant. | CIVIL ACTION NO. 20-3652 |

**FINAL ORDER AND JUDGMENT REGARDING SETTLEMENT**

**AND NOW,** this 1st day of December 2025, upon consideration of Plaintiff's Motion for Final Approval of Class Action Settlement and Certification of Class for Settlement Purposes [Doc. No. 122], the Objections by Ryan Melville, Michelle Mullaney, and Robert Mullaney and the Proposed Melville and Mullaney Classes [Doc. No. 105], the Objections by Scott Mawhinney [Doc. No. 106], the Supplemental Objections [Doc. No. 126], and after hearing argument at a Final Approval Hearing it is hereby **ORDERED** that the Motion for Final Approval [Doc. No. 122] is **GRANTED** as follows:

    1.    All capitalized terms used in this Final Order and Judgment shall have the same meanings as set forth in the Settlement Agreement submitted to the Court.

    2.    On October 16, 2024, the Court entered an order in which it, *inter alia*, preliminarily approved the Settlement, preliminarily certified the Settlement Class for settlement purposes only, appointed Settlement Class representatives, appointed Settlement Class Counsel, directed Notice to Settlement Class Members, and appointed Verita Global as the Settlement Administrator (the "Preliminary Approval Order").[1]

---

[1] Oct. 16, 2024 Order [Doc. No. 91].

3. On April 8, 2025, the Court held a Final Fairness Hearing to consider whether the Settlement should be finally approved under Rule 23(e)(2) as fair, reasonable, and adequate.

4. The Court has reviewed the Objections filed by Scott Mawhinney, Michelle Mullaney, Robert Mullaney, and Ryan Melville, and finds that the Settling Parties entered into the Settlement in good faith and that the Settlement is fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

5. The Court finds that the Settlement was negotiated at arm's length; that there was sufficient discovery; that the Parties and counsel were knowledgeable about the facts relevant to class members' claims and the potential risks of continued litigation; and that the Parties were represented by capable counsel with sufficient experience.

6. The Court also specifically considered the factors set forth in Rule 23(e)(2) and the *Girsh* factors, including the complexity, expense and likely duration of the litigation; the favorable reaction of the Settlement Class; the stage of the proceedings; the risks of establishing liability, damages and class certification; and the range of reasonableness of the Settlement in light of the best possible recovery and attendant risks of litigation.[2] The Court finds that the Rule 23(e)(2) factors and the *Girsh* factors weigh in favor of approving the Settlement.

7. The Court finds that the dissemination of Notice as set forth in the Declaration of Angelique Dizon was in compliance with the Court's Preliminary Approval Order, and that the notice that has been given constitutes due, adequate and sufficient notice; was the best

---

[2] *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

notice practicable under the circumstances; and satisfies Federal Rule of Civil Procedure 23(e) and due process.

8. A full opportunity has been offered to the Settlement Class Members to object or opt out of the Settlement and to participate in the Final Fairness Hearing.

9. Four class members objected. The Court has fully considered these objections, and they are hereby overruled.[3]

10. Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court grants final class certification, for settlement purposes only, of the Settlement Class that it preliminarily certified in its Preliminary Approval Order. The Court finds that the requirements of Rule 23 are satisfied, solely for the purpose of effectuating the Settlement, as follows:

   a. Pursuant to Rule 23(a)(1), the Court determines that the members of the Settlement Class are so numerous that joinder before the Court would be impracticable;

   b. Pursuant to Rule 23(a)(2), the Court determines that there are questions of law and fact that are common to the Settlement Class;

   c. Pursuant to Rule 23(a)(3), the Court determines that the Settlement Class Representatives' claims are typical of the claims of the Settlement Class Members;

   d. Pursuant to Rule 23(a)(4) the Court determines that the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented the interests of the Settlement Class;

---

[3] *See* Memorandum Opinion.

    e.   Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting any individual Settlement Class Member;

    f.   Pursuant to Rule 23(b)(3), the Court determines that a class resolution provides a fair and efficient method for settling the Settlement Class's claims and is superior to other available methods; and

    g.   Pursuant to Rule 23(b)(3), the Court determines that the Settlement Class is ascertainable.

11.    The Court confirms the appointment of Brian Callery and Tina Fasano as Class Representatives.

12.    The Court confirms the appointment of M. Frances Ryan and Edward C. Sweeney of Wusinich, Sweeney & Ryan, LLC, as Lead Class Counsel.

13.    The persons and entities to be identified in Exhibit A,[4] which will be attached hereto and incorporated by reference herein, have timely and validly opted out of the Settlement Class, and are hereby excluded from the Settlement Class, are not bound by this Final Judgment, and may not make any claim or receive any benefit from the Settlement, whether monetary or otherwise. Said excluded persons and entities may not pursue any claims released under the Settlement Agreement on behalf of those who are bound by this Final Judgment. Each Settlement Class Member not appearing in Exhibit A is bound by this Final Judgment and will remain forever bound.

---

[4] Due to late filing of the list of opt-outs, Exhibit A will be attached hereto when the parties file a final list of individuals and entities who opted out of the settlement.

14. The Court grants final approval of the Settlement distribution plan as being fair, reasonable, adequate, and in the best interest of the Settlement Class. The Court further finds that the Settlement distribution plan treats class members equitably relative to each other as required by Federal Rule of Civil Procedure 23(e)(2)(D).

15. Accordingly, the Court hereby grants Plaintiff's Motion for Final Approval of Class Action Settlement and Certification of Class for Settlement Purposes.

16. The Court hereby dismisses Plaintiff's action against Defendant on the merits, with prejudice and in their entirety, and except as provided for in the Settlement Agreement, without costs or attorneys' fees recoverable under 15 U.S.C. § 15(a). This dismissal shall not affect, in any way, the rights of Plaintiff or members of the Settlement Class to pursue claims not released by the Settlement Agreement.

17. The Releasing Parties (as defined in Section 2.36 of the Settlement Agreement) have released, acquitted and forever discharged the Released Persons (as defined in Section 2.35 of the Settlement Agreement) from all Released Claims (as defined in Section 2.34 of the Settlement Agreement). All terms of the release and covenant not to sue set forth in Sections V and XIII of the Settlement Agreement, and the definitions set forth in Sections 2.34, 2.35, and 2.36 of the Settlement Agreement, are hereby incorporated into this Order.

18. The finality of this Final Order and Judgment shall not be affected by any ordered entered regarding the Settlement Class Counsel's motion for an award of attorneys' fees and reimbursement of expenses and/or any order entered regrading the Service Awards to the Settlement Class Representatives, which shall be considered separate from this Final Order and Judgment.

19. The Court shall retain continuing and exclusive jurisdiction over the Settlement and this Order, including the administration and consummation of the Settlement.

20. Pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for delay, and the Court hereby directs the entry of this Final Judgment of dismissal forthwith. This Final Approval Order shall be final and immediately appealable.

21. Objectors' Motions for Limited Discovery on Behalf of Objectors Ryan Melville, Michelle Mullaney, Robert Mullaney, and the Proposed Melville Class [Doc. Nos. 96 & 111] are **DISMISSED as moot**.

It is so **ORDERED.**

**BY THE COURT:**

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**